■ In the Matter of WILBURN A. LEVIN, Respondent, v SHELDON HERTZ, Appellant. [633 NYS2d 1006] —In a proceeding to compel Sheldon Hertz to appear for jury service, Sheldon Hertz appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated August 3, 1995, as directed him to appear before that court for the purpose of reviewing a determination of Herbert Lubka, First

Deputy County Clerk of Kings County, finding that he is not entitled to an exemption from service as a juror, and referred the matter for a hearing before a Judicial Hearing Officer, and (2) from a judgment of the same court, dated August 23, 1995, which, after a hearing, confirmed the findings and recommendations of the Judicial Hearing Officer made in a report dated August 22, 1995, found that he is not entitled to an exemption from service as a juror, and ordered him to appear for jury service on September 11, 1995.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and the law, and it is adjudged that Sheldon Hertz is exempt from jury service pursuant to Judiciary Law § 512 (5) until January 1, 1996; and it is further,

Ordered that Sheldon Hertz is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

We disagree with the finding of the Judicial Hearing Officer that Mohammed Kahn is a full-time employee of Hertz Realty, Inc. pursuant to Judiciary Law § 512 (5) as that finding is not supported by the evidence in the record. Accordingly, we find that Sheldon Hertz is exempt from jury service pursuant to Judiciary Law § 512 (5) until January 1, 1996, at which time such exemptions terminate by reason of chapter 86 of the Laws of 1995 (see, L 1995, ch 86).

In view of the foregoing, we decline to address the remaining contentions of Sheldon Hertz. Copertino, J. P., Santucci, Altman and Hart, JJ., concur.